UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**THOMAS R. PRINCE,**

    **Plaintiff,**

    **v.**                                    **Civil Action 2:25-cv-864**
                                               **Judge Algenon L. Marbley**
                                               **Magistrate Judge Chelsey M. Vascura**

**OHIO DEPARTMENT OF**
**REHABILITATION AND**
**CORRECTIONAL,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Thomas R. Prince, an Ohio inmate who is proceeding without the assistance of counsel, brings this action asserting a variety of unrelated claims under 42 U.S.C. § 1983 against the following six defendants: 1) the Ohio Department of Rehabilitation and Correction ("ODRC"); 2) the Madison Correctional Institution Education Department ("MCIED"); 3) MCIED Administrator D. Anyadoh; 4) MCIED Guidance Counselor Mr. M. Ward; 5) Chillicothe Correctional Institution ("CCI") Investigator Corby Free; and 6) Attorney Christine Scott.

This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1)–(2); *see also McGore v. Wrigglesworth*,

114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim on which relief may be granted.

This matter is also before the Court for consideration of Plaintiff's motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and (2), which is **GRANTED**. (ECF No. 1.) Plaintiff must pay the full amount of the Court's $350 filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff's certified trust fund statement reveals that he has $0.00 in his prison account, which is insufficient to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(b)(1), the custodian of Plaintiff's inmate trust accounts (Inmate ID Number A836858) at CCI is **DIRECTED** to submit to the Clerk of the United States District Court for the Southern District of Ohio as an initial partial payment, 20% of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the inmate trust account, for the six months immediately preceding the filing of the Complaint.

After full payment of the initial, partial filing fee, the custodian shall submit 20% of the inmate's preceding monthly income credited to the account, but only when the amount in the account exceeds $10.00, until the full fee of $350.00 has been paid to the Clerk of this Court. 28 U.S.C. § 1915(b)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Checks should be made payable to: Clerk, United States District Court. The checks should be sent to:

> Prisoner Accounts Receivable
> 260 U.S. Courthouse
> 85 Marconi Boulevard
> Columbus, Ohio 43215

The prisoner's name and this case number must be included on each check.

2

It is **ORDERED** that Plaintiff be allowed to prosecute his action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid. The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff and the prison cashier's office.

## I.

As set forth above, Plaintiff has named six defendants. He appears to make related claims against Defendants Anyadoh, Ward, ODRC, and MCIED. Specifically, Plaintiff alleges that while he was incarcerated in 2024 at Madison Correctional Institution ("MCI"), he enrolled in a web design class offered by MCIED that allowed him to earn credit towards the satisfaction of his prison term. Before enrolling, he received confirmation that he would either be able to complete the course before he was scheduled to be transferred to CCI in April 2025 or that his transfer would not prevent him from obtaining credit for completing the class. After his transfer to CCI, however, Plaintiff was unable to complete the class, and thus, he was denied all the credit that he would have earned had he not been transferred. Plaintiff contends that he was discriminatorily denied access to educational programming and credits towards his sentence. He further contends that if he had received all his earned credits, he would have been released by July 13, 2025.

The remainder of Plaintiff's Complaint advances unrelated claims against Defendants Free and Scott, which involve events that occurred at different times and locations and none of which appear to arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiff's claims that he was denied access to educational programming. For instance, Plaintiff alleges that he filed a habeas petition in the Scioto County Court of Common Pleas. He alleges that Defendant Free, an Investigator at CCI, failed to provide him with

3

documents that he would have used to support his state habeas petition, which was ultimately dismissed as moot. Plaintiff further alleges that Defendant Scott, his court-appointed attorney in his underlying state court criminal case, failed to represent him effectively in his state habeas action. He also alleges that she was appointed to represent him during revocation proceedings in state court after he named her as a defendant in another case in this Court (*i.e.*, *Prince v. Scioto County Common Pleas Court*, *et al.*, 1:20-cv-652, S.D. Ohio).[1] He contends that this constituted a conflict of interest and that she provided him with ineffective assistance of counsel during his revocation proceedings.

As relief, Plaintiff demands $300 a day from each defendant for every day he remained incarcerated after July 13, 2025. (ECF No. 1-1.) He further purports to seek a writ of habeas corpus.

## II.

### A.  Misjoinder and Severance of Claims

Federal Rule of Civil Procedure 20, which governs persons who may be joined in one action, provides in pertinent part as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).  This means that a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich.

---

[1] The undersigned notes that Plaintiff's claims against Defendant Scott in Plaintiff's other case were dismissed after a screen under §§ 1915(e)(2) and 1915A, and that no summons was ever issued or served on Defendant Scott in that matter. (*Prince v. Scioto County Common Pleas Court*, *et al.,* 1:20-cv-652, S.D. Ohio, ECF Nos. 4, 47.)

4

Feb. 6, 2017), report and recommendation adopted at 2017 WL 994350 (E.D. Mich. Mar. 15, 2017).  In the context of claims brought by inmates, the United States Court of Appeals of the Seventh Circuit has also observed that, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Federal Rule of Civil Procedure 21 provides the remedy for such misjoinder and states as follows:

> Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party.

Fed. R. Civ. P. 21.  "Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017); *see also Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (citing Fed. R. Civ. P. 21) ("[T]he proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."); *Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (*sua sponte* severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

This case presents a classic example of misjoinder given that Plaintiff advances very different claims against the different Defendants. Specifically, the claim Plaintiff advances against Defendants Anyadoh, Ward, ODRC, and MCIED do not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims Plaintiff asserts

5

against Defendants Free and Scott. In accordance with Rule 21, this action will proceed solely against Defendants Anyadoh, Ward, ODRC, and MCIED, and Plaintiff's claims against Defendants Free and Scott are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint against these Defendants in a separate action. Accordingly, the Clerk is **DIRECTED** to **TERMINATE** Defendants Free and Scott as parties in this action. The undersigned finds this result to be more just than directing the Clerk to automatically open cases for the severed claims (which likewise appear to lack merit) because this approach allows Plaintiff the opportunity to consider whether he would like to pursue separate actions, which could subject him to paying additional filing fees. *See* 28 U.S.C. § 1915(b)(1). If Plaintiff elects to pursue such separate actions, he is **ORDERED** to explicitly refer to this case in any new action he files and indicate that this case is related to it.

**B.**       **Review of Claims Against Defendants Anyadoh, Ward, ODRC, and MCIED**

    **1.**       **Standard of Review**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e):

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
>     * * *
>
> (B) the action or appeal—
>
>     (i) is frivolous or malicious; [or]

(ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See also* 28 U.S.C. § 1915A (requiring a court to conduct a screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity . . . [to] identify cognizable claims or dismiss the complaint, or any portion of the complaint [that is] frivolous, malicious, or fails to state a claim upon which relief may be granted").

Further, to state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "detailed factual allegations, a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). A complaint will not "suffice if it tenders naked assertion devoid of further factual enhancement." *Id.* (cleaned up). Instead, to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Id.* (cleaned up). Facial

7

plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "courts should not have to guess at the nature of the claim asserted." *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

2. **Application**

First, Plaintiff indicates that Defendants Anyadoh and Ward work at MCIED. To the extent that Plaintiff sues them in their individual capacities, those claims must be dismissed for failure to allege that they were personally involved in Plaintiff's injuries. To prevail on a § 1983 claim, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)). To establish the second element, a plaintiff must show "personal involvement" by the defendant. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008) (citation omitted). Plaintiff's allegations do not mention Defendants Anyadoh and Ward, and therefore, he has not plausibly alleged that they were personally involved in the deprivation of his rights. Plaintiff therefore cannot succeed on individual-capacity claims against them.

Second, to the extent Plaintiff sues Defendants Anyadoh and Ward in their official capacities, those claims must be dismissed under the doctrine of sovereign immunity. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cty.*, 211 F.3d 331, 334 (6th Cir. 2000). A suit against a state official in his or her official capacity is "not a suit against the official but rather is a suit against the official's office," and is therefore "no different from a suit against the State itself." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). "There are three exceptions to sovereign immunity: (1) when the state has waived immunity by consenting to the suit, (2) when Congress has expressly abrogated the states' sovereign immunity, and (3) when the doctrine set forth in *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), applies." *Boler v. Earley*, 865 F.3d 391, 410 (6th Cir. 2017) (citation omitted). None of these exceptions apply to Plaintiff's claims against these Defendants. First, "Ohio has not waived sovereign immunity in federal court." *Mixon v. State of Ohio*, 193 F.3d 389, 397 (6th Cir. 1999). Second, "Section 1983 does not abrogate Eleventh Amendment immunity." *Boler*, 865 F.3d at 410 (citing *Will*, 491 U.S. at 66). Third, the *Ex Parte Young* doctrine applies only when a plaintiff brings "claims for prospective relief against state officials sued in their official capacity to prevent future federal constitutional or statutory violations." *Boler*, 865 F.3d at 412. Plaintiff's claim for damages—the only form of relief sought against Defendants Anyadoh and Ward—falls outside the scope of *Ex Parte Young*. Accordingly, any official-capacity claims against them must also be dismissed.

Next, Defendants ODRC and MCIED are both instrumentalities of the State of Ohio. As explained above, because Ohio has not waived its sovereign immunity in federal court, it is

9

entitled to Eleventh Amendment immunity from suit for monetary damages, which is the only Plaintiff seeks from these Defendants. *See Mixon*, 193 F.3d at 397. For this reason, the undersigned recommends dismissal of all of Plaintiff's claims against ODRC and MCIED as well.

But even if Plaintiff could overcome this hurdle, Plaintiff fails to allege a constitutional claim against ODRC and MCIED. Although Plaintiff alleges that ODRC and MCIED wrongly removed him from web classes at MCI when he was transferred to CCI, an inmate "does not have a constitutional right to jail educational programs." *Lane v. Love*, No. 3:21-cv-346, 2021 WL 5710086, at *4 (E.D. Tenn. Dec. 1, 2021) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003) (holding that "[p]risoners have no constitutional right to rehabilitation, education, or jobs")). *See also Parr v. Caruso*, No. 1:10-cv-109, 2010 WL 727106, at *3, *2 (W.D. Mich. Feb. 25, 2010) (collecting cases) (explaining that "Federal courts consistently have found that prisoners have no constitutionally protected interest in prison vocational, rehabilitation, and educational programs based on the Fourteenth Amendment" and that "prisoners do not have a fundamental right to prisoner reentry services under the Constitution").

In addition, although Plaintiff indicates that he was discriminatorily denied access to education classes, he has failed to state an Equal Protection claim because he does not allege that he was a member of a protected class, or that he was treated differently from other similarly situated inmates. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (providing that, in order to state a viable equal protection claim, "a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis'") (citations omitted). Indeed, it appears that Plaintiff's

inability to complete classes was due to his transfer rather than any immutable characteristic. Accordingly, any claims based on these allegations must be dismissed.

Finally, Plaintiff indicates that he seeks habeas relief. But the proper mechanism for an inmate to challenge his present physical custody is a petition for a writ of habeas corpus, not a civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.' ") (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Accordingly, Plaintiff's attempt to seek federal habeas relief must be brought in a properly filed petition for habeas corpus after he has exhausted all his state-court remedies. Therefore, his request for habeas relief must be denied.

## III.

Plaintiff's motion seeking leave to proceed *in forma pauperis* is **GRANTED**. (ECF No. 1.) In addition, Plaintiff's claims against Defendants Free and Scott are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint against these Defendants in a separate action, and the Clerk is therefore **DIRECTED** to **TERMINATE** these two Defendants. If Plaintiff elects to file such a separate action against Defendants Free and Scott, he is **ORDERED** to indicate in any separate action that this case is related to that action. Finally, it is **RECOMMENDED** that Plaintiff's claims against Defendants Anyadoh, Ward, ODRC, and MCIED be **DISMISSED** pursuant to § 1915(e)(2).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo*

11

determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE